## Abstract of the Decision.

COMPROMISE AND SETTLEMENT, § 11*—*when rights of judgment debtor under settlement agreement not forfeited.* A judgment debtor *held* not to have forfeited his right under an escrow agreement with the judgment creditor, whereby on payment of certain sums at certain times the judgment was to be canceled, where, though in default, he had made tender to the party in whose hands the escrow agreement had been placed, which payment was however refused because of lack of authority to receive it, and made tender to other parties which was also refused, he not having been able to locate the former attorney for the creditor, who drew the agreement, though he could, by the exercise of diligence, have found out the residence of the creditor or the party who was acting as her agent to receive payment, time not being of the essence of such agreement.

---

## The People of the State of Illinois, Defendant in Error, v. Rosie Eli, Plaintiff in Error.

### Gen. No. 22,141.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 18, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Rosie Eli, defendant. To review a judgment against her, the defendant prosecutes a writ of error.

ERBSTEIN & MACAULAY, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Horowicki v. Globe Mutual Life Ins. Co., 201 Ill. App. 551.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

CRIMINAL LAW, § 472*—*how defect in information must be taken advantage of.* Where the defendant in a prosecution for larceny was present in court, waived trial by jury, submitted to the jurisdiction of the court and made no objection to the form of the information charging her with the larceny of a certain number of dollars, lawful money of the United States, without more definitely describing it, *held* that in the absence of a motion to quash the information, as defective for uncertainty, a conviction must be sustained.

---

Sophie Horowicki, Defendant in Error, v. Globe Mutual Life Insurance Association, Plaintiff in Error.

Gen. No. 22,291.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed October 30, 1916.

## Statement of the Case.

Action by Sophie Horowicki, plaintiff, against the Globe Mutual Life Insurance Association, defendant, in the Municipal Court of Chicago, to recover on a policy of insurance. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

M. H. HOEY, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.